UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN W. WILLIAMS,

            Plaintiff,

vs.                                                Case No.  3:11-cv-766-J-MCR

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on October 17, 2007, alleging a period of disability beginning October 9, 2007.  (Tr. 22, 136-38).[2]  The Social Security Administration denied this application initially and on reconsideration.  (Tr. 22, 76-78, 82-84).  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ") on August 4, 2009.  (Tr. 38-70).  On

---

      [1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 9).

      [2]      Plaintiff originally alleged he became disabled on March 28, 2003.  (Tr. 136).  At the administrative hearing, Plaintiff amended his onset date to October 9, 2007.  (Tr. 63).

-1-

October 8, 2009, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 19-37). The Appeals Council denied Plaintiff's request for review on May 26, 2011 (Tr. 3-6, 11-12), rendering the ALJ's decision final. See 20 C.F.R. § 404.981. Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1). This case is now ripe for review under 42 U.S.C. § 405(g).

## II.    NATURE OF DISABILITY CLAIM

### A.    Summary of Evidence Before the ALJ

Plaintiff was 45 years old as of his date last insured, June 30, 2008. (Tr. 34, 136, 139). Plaintiff has a limited education and past relevant work experience as a construction worker. (Tr. 34, 157). Plaintiff claims that he is no longer able to work due to open heart surgery, cervical lumbar strain, and a bulging disk in his back. (Tr. 156, 270-71, 286-88). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

On October 9, 2007, Plaintiff underwent coronary bypass surgery. (Tr. 319-22, 399-403). On November 5, 2007, Dr. John B. Holt, M.D. indicated that since his surgery Plaintiff "has done well" and that he had "no major complaints." (Tr. 269, 281). On January 3, 2008, cardiologist Dr. Dinesh Arab, M.D. reported that Plaintiff had chest pain at the surgery site and his blood pressure was 184/198. (Tr.391-92). However, further treatment notes from Dr. Arab report that Plaintiff was healthy appearing and in no acute distress and that he was doing "relatively well" from a cardiovascular standpoint. (Tr. 33, 273, 289, 296, 300, 339, 341, 389, 392-93, 396).

On February 12, 2008, Dr. Carlos Sanchez, D.O. performed a physical consultative examination of Plaintiff. (Tr. 372-77). Dr. Sanchez observed that Plaintiff's heart tones were within normal limits with no murmurs, gallops, or friction rubs and his blood pressure was 196/100. (Tr. 373). Plaintiff had mild decreased range of motion in his cervical spine and moderate decrease range of motion in his lumbar spine. (Tr. 33, 373, 374). Plaintiff retained mostly full strength and full range of motion in his upper and lower extremities. (Tr. 374, 375-77). Dr. Sanchez noted that Plaintiff's left hand grip strength was decreased and his right hand grip strength was slightly reduced. (Tr. 374). Dr. Sanchez's diagnostic impression was chest pain with shortness of breath status post bypass surgery, chronic low back pain with bilateral radiculopathy, and right knee pain with right sided weakness. (Tr. 372-77).

On March 5, 2008, Dr. Gloria Hankins, M.D. reviewed Plaintiff's medical records and confirmed an MRI of the left wrist reflecting a partial tear of the scapholunate ligament and an x-ray of the left elbow reflecting soft tissue swelling with joint effusion. (Tr. 388). Dr. Hankins opined that Plaintiff could perform light work with some restrictions. (Tr. 381-88).

On December 24, 2008, it was noted that Plaintiff suffered from tenderness of the lower back with marked limitation of movement of the lumbar spine. Diagnostic impression was low back pain, lumbar radiculopathy, left shoulder pain, cervical radiculopathy, and rotator cuff syndrome. Plaintiff was referred for a series of caudal epidural steroid injections. (Tr. 437-38). Plaintiff reported minimal relief following the injections. (Tr. 551).

State agency physician Dr. Nicolas Bancks, M.D. reviewed Plaintiff's medical records and opined he could perform light work, including lifting 20 pounds occasionally, 10 pounds frequently, standing and/or walking six hours in an eight hour workday, and sitting about six hours in an eight hour workday. (Tr. 33, 412-13). Dr. Bancks also opined that Plaintiff had no limitations in handling, fingering, or feeling, but that he would be limited to overhead reaching one-third of the workday. (Tr. 33, 414). Dr. Bancks further opined Plaintiff could occasionally perform postural activities and should avoid concentrated exposure to hazards. (Tr. 33, 413, 415).

### B.   Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his

residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 9, 2007, the alleged onset date.  (Tr. 27).  At step two, the ALJ found Plaintiff suffered from the following severe impairments: status post bypass graft surgery secondary to coronary artery disease, chronic back and right knee pain with right sided weakness, and other residuals of motor vehicle accident. (Id.).  At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of Regulation No. 4.  (Tr. 28).  At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC")[3] to perform a reduced range of light work.[4]  Specifically, the ALJ found as follows:

---

[3] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

> [Plaintiff] can occasionally lift and/or carry (including upward pulling) 20 pounds and frequently lift and/or carry (including upward pulling) 10 pounds. He can stand and/or walk for about two hours in an eight hour workday and can sit for about six hours in an eight hour workday. [Plaintiff] can not climb ladders, ropes or scaffolds. He can not bend, stoop, crouch, or kneel. [Plaintiff] is not able to reach above shoulder level with the left upper extremity. He must avoid vibrating tools and can not use foot controls. [Plaintiff] must avoid workplace hazards such as dangerous moving machinery or unprotected heights. He has no communicative, visual, or mental limitations.

(Tr. 29-34). In reaching Plaintiff's RFC, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of his alleged symptoms not completely credible. (Id.).

Based on Plaintiff's RFC, the ALJ found that he was unable to perform his past relevant work. (Tr. 34). With the assistance of a vocational expert ("VE"), the ALJ found that, taking into consideration Plaintiff's age, education, work experience, and RFC, other work existed in significant numbers that Plaintiff could perform. (Tr. 35-36). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 37).

## III.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff presents the following three issues on appeal: (1) whether the ALJ erred in concluding that Plaintiff is capable of performing a reduced range of light work (Doc. 17, pp. 8-9); (2) whether the ALJ posed a complete hypothetical question to the VE (Id. at pp. 9-10); and (3) whether the ALJ erred in finding Plaintiff not completely credible (Id. at pp. 10-11). The Court will address each of these issues.

### 1. Whether the ALJ erred in concluding that Plaintiff is capable of performing a reduced range of light work.

Plaintiff contends that the ALJ erred in finding that he has the RFC to perform a reduced range of light work. (Doc. 17, pp. 8-9). In response, the Commissioner argues that the ALJ's RFC determination is supported by substantial evidence. (Doc. 19, pp. 4-9).

A claimant's RFC is the most a claimant can do despite his limitations. When determining a claimant's RFC, the ALJ considers all the relevant evidence in the case record including medical opinions and subjective complaints. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(3). Here, the ALJ found Plaintiff had the RFC for light work including limitations to two hours of standing and/or walking and precluding certain activities such as reaching overhead with his left extremity and crouching and kneeling. (Tr. 28). The ALJ based his RFC determination on the records of Dr. Sanchez, Plaintiff's diagnostic tests and treatment notes, and the opinion of state agency physician Dr. Bancks. (Tr. 32-34).

With regard to the records of Dr. Sanchez, he performed a physical consultative examination of Plaintiff on February 12, 2008.[5] (Tr. 372-77). Dr. Sanchez observed that Plaintiff was well developed and in no acute distress. Plaintiff's heart tones were within normal limits with no murmurs, gallops, or friction rubs. (Tr. 373). Plaintiff had mild decreased range of motion in his cervical spine and a moderate decrease range of

---

[5] Although Plaintiff refers to Dr. Sanchez as a his treating physician, the record reflects that Dr. Sanchez saw Plaintiff solely for the purpose of a disability evaluation. Therefore, he does not qualify as a treating physician. See 20 C.F.R. § 404.1502.

motion in his lumbar spine; however, x-rays of Plaintiff's lumbar spine showed normal joint space and normal alignment. (Tr. 33, 373, 374). Plaintiff retained mostly full strength and full range of motion in his upper and lower extremities. (Tr. 374, 375-77). Dr. Sanchez also noted Plaintiff's grip strength was only slightly reduced on the right side and that he had good dexterity in both hands. (Tr. 374). Although Dr. Sanchez's examination showed that Plaintiff had some limitations, the fact that he retained mostly full strength and range of motion supports the ALJ's finding that Plaintiff can perform the lifting and carrying requirements of light work. (Tr. 28). Furthermore, the ALJ properly accounted for the limitations Plaintiff did display by limiting Plaintiff to only two hours of standing and/or walking and by precluding Plaintiff from performing certain postural activities. (Id.).

In addition, Plaintiff's treatment notes support the ALJ's RFC finding. For instance, on November 5, 2007, following coronary bypass surgery, Dr. Holt indicated that since his surgery Plaintiff "has done well" and that he had "no major complaints." (Tr. 269, 281). A treatment note from December 2007 and July 2008 reported that Plaintiff had a normal musculoskeletal examination. (Tr. 316, 349, 453). Treatment notes from Dr. Arab showed that Plaintiff was healthy appearing and in no acute distress and that he was doing "relatively well" from a cardiovascular standpoint. (Tr. 33, 273, 289, 296, 300, 339, 341, 389, 392-93, 396). Furthermore, an echocardiogram from May 2008 indicated that Plaintiff's heart was functioning normally. (Tr. 404).

Moreover, Dr. Bancks reviewed Plaintiff's medical evidence and opined that Plaintiff could perform light work, including lifting 20 pounds occasionally, 10 pounds

frequently, standing and/or walking six hours in an eight hour workday, and sitting about six hours in an eight hour workday. (Tr. 33, 412-13). Dr. Bancks also opined that Plaintiff had no limitations in handling, fingering, or feeling, but that he would be limited to overhead reaching one-third of the workday. (Tr. 33, 414). Dr. Bancks opined Plaintiff could occasionally perform postural activities and should avoid concentrated exposure to hazards.[6] (Tr. 33, 413, 415). Consistent with Dr. Bancks opinion, Dr. Hankins also reviewed Plaintiff's medical records and opined he could perform light work with some restrictions. (Tr. 381-88).

Contrary to Plaintiff's argument, the evidence does not show that Plaintiff's RFC should have been reduced due to his use of cane. (Doc. 17, p. 8). Although Plaintiff contends that he needs a cane to ambulate, the medical evidence does not establish that he needed a cane prior to June 30, 2008.[7] (Tr. 30, 374, 377). Also contrary to Plaintiff's argument, the evidence does not establish that he had greater limitations with his left arm or wrists than those imposed by the ALJ. (Doc. 17, p. 8). Physical examination to Plaintiff's left arm show that he had no musculoskeletal abnormalities, almost full grip strength, full range of motion in his wrists, and good dexterity in both hands. (Tr. 260-62, 316, 349, 374, 453). Plaintiff further argues that the ALJ found Plaintiff was "limited in overhead reaching," and yet failed to quantify the amount of the

---

[6] The ALJ afforded great weight to Dr. Bancks opinion because it was "consistent with the record as a whole for the period at issue." (Tr. 33); see 20 C.F.R. § 404.1527(d)(4), (f); SSR 96-6p; Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986) (recognizing that an ALJ may rely on a state agency physician opinion).

[7] Although Dr. Sanchez noted Plaintiff had a small limp, he made no indication that Plaintiff needed a cane. (Tr. 374, 377).

limitation. (Doc. 17, p. 9). However, the ALJ specifically found that Plaintiff was precluded from all overhead reaching with his upper left extremity. (Tr. 28).

In light of the foregoing, the Court finds that the ALJ's RFC finding is supported by substantial evidence including the consultative examination of Dr. Sanchez, Plaintiff's diagnostic tests and treatment notes, and the opinion of state agency physician Dr. Bancks.

### 2. Whether the ALJ posed a complete hypothetical question to the VE.

Plaintiff alleges that the ALJ's hypothetical question posed to the VE was incomplete because it did not include limitations on his ability to grasp and reach overhead. (Doc. 17, pp. 9-10). In response, the Commissioner contends that the medical evidence does not support limitations on grasping and Plaintiff's limitations on reaching were accounted for. (Doc. 19, pp. 9-12).

With regard to Plaintiff's alleged limitations on grasping, Dr. Sanchez opined that Plaintiff had mostly full grip strength on the right side, full grip strength on the left side, and had good dexterity in both hands. (Tr. 374). Dr. Bancks opined that Plaintiff had no limitations with handling or gross manipulation. (Tr. 414). Because the evidence does not show that Plaintiff had grasping limitations, the ALJ was not required to include a limitation on grasping in his hypothetical to the VE. See Ingram, 496 F.3d at 1270 (holding the ALJ's hypothetical was complete where it did not include limitations the claimant alleged to suffer that were not supported by the claimant's medical records). In addition, Plaintiff's assertion that the ALJ erred in consideration of his ability to reach

-11-

overhead is also without merit because the ALJ specifically precluded Plaintiff from reaching overhead with his left extremity.  (Tr. 28, 32-33, 52).

### 3. Whether the ALJ erred in finding Plaintiff not completely credible.

Plaintiff contends that the ALJ failed to properly apply the pain standard when finding that the evidence did not support his allegations of pain.  (Doc. 17, pp. 10-11).  In response, the Commissioner argues that the ALJ clearly articulated reasons supported by substantial evidence for discrediting Plaintiff's testimony.  (Doc. 19, pp. 12-15).

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  "[O]nce such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability."  Foote, 67 F.3d at 1561.  Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability.  Foote, 67 F.3d at 1561.

-12-

"If the ALJ decides not to credit a claimant's testimony as to [his] pain, he must articulate explicit and adequate reasons for doing so." Id. at 1561-62. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Id. at 1562. The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. Id. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. Id. If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote, 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court)). Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding. Foote, 67 F.3d at 1561.

Here, the ALJ determined that Plaintiff had a medically determinable impairment that could reasonably produce the symptoms of which he complained. See (Tr. 31). Thus, the ALJ found that Plaintiff's impairments satisfied the pain standard. See Holt, 921 F.2d at 1223. However, the ALJ also determined that the evidence did not show that Plaintiff's symptoms were so severe as to be disabling, but that he was able to perform a limited range of light work. (Tr. 34). Therefore, the ALJ made a specific credibility finding that Plaintiff's subjective statements were not entirely credible. See

Foote, 67 F.3d at 1561. The issue for the Court to determine is whether the ALJ's credibility finding is supported by substantial evidence.

In determining credibility, the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p. Here, the ALJ recognized Plaintiff's claims of pain in his wrist, knee, back, and legs. (Tr. 30). However, the ALJ found that Plaintiff's claims of disabling pain and symptoms conflicted with the medical evidence including the examination of Dr. Sanchez, the opinion of Dr. Bancks, and the treatment notes of Dr. Arab, which provided substantial evidence in support of the finding that Plaintiff could perform a reduced range of light work.[8] (Tr. 31-33). Because Plaintiff's statement of disabling symptoms conflicted with the medical evidence, substantial evidence supports the ALJ's finding that Plaintiff's statements were not fully credible. See 20 C.F.R. § 404.1529; SSR 96-7p; see also Foote v. Chater, 67 F.3d 1553, 1662 (11th Cir. 1995) (an ALJ's clearly articulated credibility finding will not be disturbed when supported by substantial evidence).

## IV. CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence.

---

[8] This medical evidence was discussed previously in Sections II(A) and III(B)(1) of this Memorandum Opinion and Order.

As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th  day of August, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record